**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO  DIVISION**

| | | |
|---|---|---|
| CHANTELL ALLEN PEOPLES, | * | |
| ADC # 134098 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:15CV00331-JJV |
| JAMES MURPHY, Guard, Mississippi | * | |
| County Detention Center; *et al.* | * | |
| | * | |
| Defendants. | * | |

<u>**MEMORANDUM AND ORDER**</u>

## I.    INTRODUCTION

Chantell Allen Peoples ("Plaintiff") alleges that Defendants provided him with an incorrect

dose of an unspecified medication several times. (Doc. No. 2 at 4.) The improper dispensing of his

medication allegedly altered Plaintiff's thought process and behavior. (Id.)  In doing so, Mr. Peoples

believes Defendants were deliberately indifferent to his serious medical needs.

Defendants now move for summary judgment, claiming qualified immunity and arguing,

*inter alia*, there was no violation of Plaintiff's constitutional rights.  (Doc. Nos. 35-37)  Plaintiff has

responded, (Doc. No. 38), so the matter is ripe for adjudication.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

the pleadings, depositions, answers to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in

a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

### A.    Official Capacity Claims

Plaintiff's official capacity claims are essentially claims against Mississippi County. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). Mississippi County may only be held liable under section 1983 if the alleged deprivation suffered by Plaintiff was the result of some policy or custom implemented by the county. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff's Complaint makes no reference to any county policy or custom which violated or contributed to a violation of his rights. Moreover, Defendants have presented a copy of the Medication Procedures Manual utilized by the Mississippi County Jail. (Doc. No. 37-4) The Manuel sets out detailed procedures to ensure medication is properly administered. Accordingly, his official capacity claims are dismissed.

B.      **Qualified Immunity** [1]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a

government official from liability when his or her conduct does not violate "clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of

fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues

concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere

defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were

unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194,

201 (2001).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could

answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522,

---

[1]Defendants raise a separate argument that Plaintiff's deliberate indifference claims fail as a matter of law.  Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "[q]ualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible  stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

528 (8th Cir. 2009).

Defendants Murphy, Hicks, and Whitfield have all provided affidavits denying any culpability.  (Docs. No. 37-5, 37-6, 37-7) Mr. Peoples disputes the contents of the affidavits, and I am unable to grant qualified immunity based on a disputed denial.

However, the allegations, *even if true*, fail to rise to the level of a constitutional violation. At best, Defendants would be negligent.  Negligence is neither equivalent to deliberate indifference nor actionable under section 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005).  Even Mr. Peoples classifies the alleged malfeasance as an "error." (Doc. No. 38 at 2) He also states, providing him incorrect medication was a result of Defendants failing to follow the jail's policies.  (*Id.* at 3)

So giving Mr. Peoples all benefit of the doubt and considering his alleged facts to be true, I find Defendants' actions do not rise to the level of a constitutional violation.  Based on the foregoing, I find Defendants  did not act with deliberate indifference and they are  entitled to qualified immunity.

Likewise, Plaintiff's claim for medical deliberate indifference must be dismissed for failure to state a constitutional claim for relief.  But I decline to find any injury that may have occurred as *de minimis*.

IT IS, THEREFORE, ORDERED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 35) is GRANTED and this action is DISMISSED with prejudice.

2.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

SO ORDERED this 22nd Day of June, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE